## Brown, Appellant, *v.* Equitable Gas Co.

*Equity—Preliminary injunction—Contract—Natural gas.*

A natural gas company entered into a contract to supply gas to plaintiffs, a firm, of which one of the directors of the company was senior partner. In consideration of plaintiffs guaranteeing the debts of the company they were charged a lower rate than was charged to the public. The contract contained the following clause: "The Equitable Gas Company agrees to furnish the gas to the said consumers so long as with ordinary diligence and outlay it can procure gas, and under the contracts now ordi-

narily in use by gas companies." Some time after the date of the contract the supply of gas began to fail, and the evidence showed that it could only be obtained at a greatly increased cost to the company. The rates were accordingly raised. Other consumers who were also guarantors of the company's debts paid the increased rates, but the plaintiffs refused to pay them, and filed a bill in equity to restrain the company from cutting off their supply of gas. *Held*, that the refusal of the court to grant a preliminary injunction would not be reversed on appeal.

Argued April 14, 1893. Appeal, No. 77, Oct. T., 1893, by plaintiffs, J. Stuart Brown et al., trading as Brown & Co., from decree of C. P. No. 1, Allegheny Co., March T., 1893, No. 471, refusing preliminary injunction. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Bill in equity for injunction.

From the pleadings and affidavits it appeared that defendant company was organized under the act of May 29, 1885, relating to natural gas companies. By an agreement, dated Jan. 28, 1889, plaintiffs, with other persons and firms, agreed to take stock in the company, and became guarantors of the debts. Subsequently on April 2, 1889, a new contract was entered into by which the capital stock was increased. Plaintiffs subscribed to additional stock, and increased the extent of their guaranty of the company's debts. It was provided by the contract that plaintiffs and other subscribers who consumed gas should be supplied at a rate less than was charged to the general public. The contract contained this clause: "The Equitable Gas Company agrees to furnish the gas to said consumers so long as with ordinary diligence and outlay it can procure gas, and under the contracts now ordinarily in use by gas companies." The senior member of plaintiff's firm was a director of the company at the time the contract was executed.

In 1889, the supply of gas began to fail, and it could only be obtained at a greatly increased cost to the company. The company accordingly raised its rates. All the other subscribing consumers paid the increased rates, but plaintiffs refused to pay them, and filed this bill to prevent their supply of gas from being cut off.

The court refused a preliminary injunction. Plaintiff appealed.

*Error assigned* was the refusal of a preliminary injunction.

*James H. Reed* and *Marcus A. Woodward, P. C. Knox* with them, for appellants, cited : Whiteman v. Fuel Gas Co., 139 Pa. 492; Ferguson's Ap., 117 Pa. 426; Poterie Gas Co. v. Poterie, 153 Pa. 10; Battelle v. North West Cement Co., 37 Minn. 89; Twin Oil Co. v. Marbury, 91 U. S. 587; Pneumatic Gas Co. v. Berry, 113 U. S. 322; Ashhurst's Ap., 60 Pa. 314; Barr v. N. Y. L. E. & W. R. R., 125 N. Y. 263; Duncomb v. R. R., 84 N. Y., 199; Rolling Mill v. R. R., 120 U. S. 256; Hotel Co. v. Wade, 97 U. S. 13; Great Luxembourg Ry. v. Magnay, 25 Beav. 586; Penna. Tack Works v. Sowers, 2 Walker, 416; Stewart v. St. Louis R. R., 41 Fed. R. 736; Parsons v. Hayes, 18 J. & S. (N. Y.) 29; Gas Light Co. v. Colliday, 25 Md. 1; Sandford v. R. R., 24 Pa. 383; Cumberland Valley R. R. Co.'s Ap., 62 Pa. 230; 2 Redfield, Railways, 89; Com. v. D. & H. Canal Co., 43 Pa. 295.

*C. C. Dickey, W. K. Shiras* with him, for appellee, cited : Sandford v. R. R., 24 Pa. 378; Cumberland Valley R. R.'s Ap., 62 Pa. 218; Pacific Telegraph Co. v. W. U. Tel. Co., 50 Fed. R. 493; Southern Wire Co. v. St. Louis Bridge Co., 38 Mo. Ap. 191; Bennett v. Dutton, 10 N. H. 481; Marriott v. London & Southwestern R. R., 87 E. C. L. 499; Gibbs v. Baltimore Gas Co., 130 U. S. 396; 2 Beach, Corp. 1306; Green's Brice's Ultra Vires, 480; Wharton, Cont. 408; Guid v. Parker, 43 N. J. L. 435; Wardell v. R. R., 103 U. S. 650; Fuller v. Dame, 18 Pick. 472; 1 Morawetz, Corp. § 516; Beatty v. Northwest Transportation Co., 6 Am. & Eng. Corp. Cas. 315; Erwin's Ap., 20 W. N. 278; 2 Parsons, Cont. 691; Crescent Steel Co. v. Equitable Gas Co., 23 P. L. J. 316; Thompson Glass Co. v. Fayette Fuel Gas Co., 137 Pa. 317; Black Lick Transportation Co. v. Saltsburg Gas Co., 139 Pa. 448; Reno v. Moss, 120 Pa. 49.

PER CURIAM, May 1, 1893 :

The only subject of complaint in this case is the refusal of the court to grant the preliminary injunction and mandatory order prayed for in the bill. The question thus presented to us is whether the learned court erred in refusing the injunction, etc. As at present advised we are not satisfied that it did.

As a general rule, in the class of cases to which this belongs, we purposely abstain from any expression of opinion as to the merits of the case, for the reason that the facts are not fully before us.

Decree affirmed and appeal dismissed at costs of appellants.