## Somerfield Borough v. Cuppett et ux.

*John A. Berkey*, for plaintiff.

*Leland W. Walker*, for defendants.

BOOSE, P. J., June 1, 1937.—This is a bill in equity for a mandatory injunction against defendants, requiring them to restore a certain sidewalk to its former condition. A preliminary injunction was refused. Thereafter, defendants filed an answer to the merits of the bill. The case is now before the court upon bill and answer and supporting testimony. From the bill, answer and testimony, we find the following

### Facts

1. Plaintiff, the Borough of Somerfield, is a municipal corporation, organized and existing under the laws of the Commonwealth, in the County of Somerset.

2. Defendants, Fred R. Cuppett and Ruth Cuppett, husband and wife, are residents of said borough, and are the owners of two contiguous pieces, parcels or lots of ground in said borough, fronting on Main or Bridge Street, for an approximate distance of 134 feet, more or less.

3. Defendants have erected upon their said lots of ground an oil and gas station for the purpose of selling oil and gas to the public.

4. In the construction of an approach or entry to said oil and gas station, defendants tore up and removed a

sidewalk in front of their premises for a distance of probably 50 feet and elevated the same probably as much as 12 inches.

5. Plaintiff alleges that this was in violation of a borough ordinance and notice of the town council not to lay said sidewalk.

6. Defendants, notwithstanding and disregarding said ordinance and notice, laid said sidewalk and are maintaining the same, to the alleged detriment of the public.

### Discussion

For the purpose of disposing of this case, we need find no more facts. The Borough of Somerfield is a municipal corporation organized and existing under the laws of Pennsylvania. As such it has the authority, by its town council and burgess, to enact ordinances establishing the grades of streets and sidewalks therein, and to enforce compliance therewith. This is not merely an incident of municipal government, but the authority has been expressly conferred by statute. However, in the absence of the exercise of this authority, every property owner has a right to lay his sidewalk to suit his own convenience, or to conform to the natural contour of the ground in front of his own premises. This right, of course, must be yielded when the municipal authorities ordain otherwise.

There is no dispute about the municipality's authority, but what about the facts? The evidence is clear and undisputed that prior to the time defendants laid and constructed their present sidewalk there was no ordinance in the Borough of Somerfield establishing or regulating the grade of sidewalks on Bridge or Main Street. The ordinance dated April 18, 1927, "Regulating the building or replacing of sidewalks in the Borough of Somerfield", does not establish any grades for sidewalks. It merely specifies that the sidewalk "must be built in line with other walks and must be four (4) inches concrete top, and must be under Borough Supervision as to width, thickness and finish." Nothing can be found in this ordinance establish-

ing the grade or elevation of sidewalks. In the absence of such municipal regulation by ordinance, duly enacted by the town council and approved by the burgess, there was nothing to prevent defendants from laying the sidewalk in front of their own premises to suit and meet the needs and requirements of their own business and the accommodation of the public.

Of course, we do not want to be understood as holding that they could create or maintain a public nuisance. The evidence does not support or sustain any such conclusion. The evidence, however, does show that the sidewalk in question was constructed and completed before the present bill was filed; and, therefore, a preliminary mandatory injunction was properly refused.

In support of this conclusion, it is hardly necessary to cite authorities. The law is clear and well settled. As a general rule a preliminary mandatory injunction will not be granted: Audried v. The Philadelphia & Reading R. R. Co., 68 Pa. 370; Cooke v. Boynton et al., 135 Pa. 102; Brown v. Equitable Gas Co., 155 Pa. 359. A mandatory injunction to abate a nuisance is a matter of grace, and will be granted only in case of immediate and irreparable mischief; it will not be granted to direct the removal of an obstruction which is causing no injury and does not threaten to cause injury in the future: Scranton City v. Scranton Steel Co., 154 Pa. 171. It may be granted to remove a structure erected in violation of a building restriction: Meigs et al. v. Milligan, 177 Pa. 66. It may also be granted to require the removal of a sidewalk laid in violation of a municipal ordinance in a proper case. The facts do not warrant the application of this principle in the present case.

*Conclusions of law*

1. Plaintiff is not entitled to the relief prayed for.

2. The bill of complaint must be dismissed at the cost of complainant.

*Decree*

Now, June 1, 1937, the prothonotary shall enter this decree nisi and give notice to the parties, or their counsel of record, and, unless exceptions are filed sec. reg., a final decree shall be entered accordingly.